UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED Y. HASSAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1418 |
| v. ) | |
| ) | Judge Andersen |
| RUTH A. DOROCHOFF, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO FILE ANSWER, *INSTANTER*

The named federal defendants, by and through Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, move for leave to file their answer to the complaint, *instanter*, and in support, state the following:

1.  The answer to the complaint was due June 30, 2008.

2.  Undersigned counsel has only recently received information concerning plaintiff's citizenship application which is necessary to fully and accurately respond to the allegations sets forth in the complaint.

3.  No prejudice shall result should the court grant defendants' motion to file their answer, *instanter*.

WHEREFORE, defendants accordingly request leave to file their answer, which is submitted herewith.

                                                Respectfully submitted,

                                                PATRICK J. FITZGERALD  
                                                United States Attorney

                                       By: s/ Ernest Y. Ling  
                                                ERNEST Y. LING  
                                                Assistant United States Attorney  
                                                219 South Dearborn Street  
                                                Chicago, Illinois 60604  
                                                (312) 353-5870  
                                                ernest.ling@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED Y. HASSAN,                )  | |
|                                 )  | |
|         Plaintiff,              )  | |
|                                 )  | No. 08 C 1418 |
|     v.                          )  | |
|                                 )  | Judge Andersen |
| RUTH A. DOROCHOFF, et al.,      )  | |
|                                 )  | |
|         Defendants.             )  | |

## ANSWER

The named federal defendants, by and through Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, and undersigned counsel, submits this answer to the plaintiff's complaint and petition for review to compel the defendant and those acting under him to take action on the application for naturalization filed by plaintiff, or alternatively, for the court to adjudicate the case itself and to administer the oath of naturalization.

### First Affirmative Defense

The court lacks subject matter jurisdiction over part or all of the case.

### Second Affirmative Defense

The complaint fails to state a claim upon which relief can be granted with regard to the named defendants.

### Third Affirmative Defense

Relief should be denied plaintiff as an exercise of judicial discretion to withhold relief. Defendants respectfully submit that even if the court is empowered to act, the only action it should take is to remand the case to the agency pursuant to 8 U.S.C. §1447(b) as this is not an appropriate case for the court to engage in the business of reordering interviews or other agency priorities, or

jeopardize national security or the public safety by ordering the applications to be adjudicated out of order thereby prejudicing the numerous individuals who met the requirements for naturalization before them and who are waiting to have their case adjudicated.

### Fourth Affirmative Defense

This matter is not ripe for adjudication because the statutorily required interviews and security checks have not been completed.

### Fifth Affirmative Defense

The defendants deny that the proper parties have been named in this matter.

### Sixth Affirmative Defense

Answering the specific allegations of the complaint, and using the same paragraph numbering, the defendants admit, deny or otherwise aver as follows:

**Complaint:**

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §702, the Administrative Procedure Act, ("APA").

**Answer:** Defendants admit only that plaintiff has filed a petition, and deny that jurisdiction lies under any of the provisions cited in paragraph 1.

**Complaint:**

2. This action seeks to compel the Chicago USCIS District Office of the Department of Homeland Security ("DHS") to adjudicate Plaintiff, Ahmed Hassan's Form N-400 Application for Naturalization which was filed on September 11, 2006 and has been pending now for over 18 months.

**Answer:**   Defendants admit only that plaintiff has filed an application for naturalization, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint:**

3.   This court has jurisdiction over the present action pursuant to 28 U.S.C. §1331, the mandamus statute; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701 et seq., the Administrative Procedure Act, ("APA").

**Answer:**   Denied.

**Complaint**:

4.   Venue is proper in this court, pursuant to 28 U.S.C. §1391(e) in that Plaintiff may request a hearing on the matter in the District where Plaintiff resides

**Answer**:   Admit.

**Complaint:**

5.   Plaintiff, Ahmed Hassan, is a citizen and national of Somalia. Plaintiff resides in Chicago, Cook County, Illinois within the jurisdiction of this Court.

**Answer**:   Admit.

**Complaint:**

6.   Any named defendant is sued in his official capacity only.

**Answer**:   Admit.

**Complaint**

7.   Ruth A. Dorochoff, the Defendant herein, is the District Director of the United States Citizenship and Immigration Services (USCIS) and is sued herein in her official capacity. Defendant

is responsible for the grant or denial of naturalization applications filed within the Chicago USCIS District Office. The Federal Bureau of Investigation ("FBI") is named as a party to this action because they conduct a name/security check for the DHS as part of the application process.

**Answer:** Admit only that the above-referenced entities are named defendants.

**Complaint:**

    8. Plaintiff was granted his permanent residency on June 3, 2001. See Exhibit 1.

**Answer:** Admit that exhibit 1 is a copy of plaintiff's permanent resident card.

**Complaint:**

    9. On September 11, 2006, Plaintiff filed an Application for Naturalization with USCIS (L1N*000952016). See Exhibit 2.

**Answer:** Admit that exhibit 2 is a copy of a receipt for payment for an application for naturalization.

**Complaint:**

    10. Since Plaintiff did not hear anything from USCIS with regards to his naturalization application, in May 2007 he contacted the office of United States Senator Jan Schakowsky with a request to make a congressional liaison inquiry to USCIS. The Senator's office submitted such inquiry on May 9, 2007. See Exhibit 3. The response received May 21, 2007 indicated that USCIS could not proceed with the adjudication of the application due to the pending FBI background check. See Exhibit 4.

**Answer:** Defendants lack sufficient information or knowledge to form a belief as to the truth of the statements in sentence one of paragraph 10. Admit that exhibit 3 is a copy of correspondence

from a staff member of Congresswoman Schakowsky, referencing an e-mail from Congresswoman Schakowsky. Admit that exhibit 4 are copies of correspondence from USCIS.

**Complaint:**

11.     On March 10, 2008, Plaintiff made an online inquiry at the USCIS web-site regarding status of his naturalization application and was informed that the case is still pending. See Exhibit 5.

**Answer:**     Admit only that exhibit 5 is a copy of a response from USCIS.

**Complaint:**

12.     Mandamus is proper if: (1) the Plaintiff can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available. *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994).

**Answer:**     Deny that plaintiff is entitled to any relief under the provisions cited or any other provisions whatsoever, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint:**

13.     Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become U.S. citizen through a naturalization process. A person seeking to naturalize has to submit an application for naturalization and meet certain statutory eligibility requirements including a sufficient period of physical presence and good moral character. 8 U.S.C. § 1427(a). Plaintiff maintains that he meets all statutory requirements for eligibility for citizenship.

**Answer:**   Deny that plaintiff is entitled to any relief under the provisions cited or any other provisions whatsoever, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint:**

14. Once application for naturalization is submitted, USCIS is required to conduct examination of application. 8 U.S.C. § 1446(a)&(b). To this end, USCIS officer schedules a naturalization interview during which USCIS officer shall determine whether to grant or deny the naturalization application. 8 U.S.C. 1446 § (b)&(d). Up to date no such interview has been scheduled for the Plaintiff.

**Answer:**   Deny that plaintiff is entitled to any relief under the provisions cited or any other provisions whatsoever, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint:**

15. The adjudication of plaintiffs application for naturalization is a non-discretionary ministerial act that the USCIS has a duty to accomplish in a reasonably timely fashion. Plaintiffs application for naturalization has been pending for more than 18 months since the time of filing.

**Answer:**   Deny that plaintiff is entitled to any relief under the provisions cited or any other provisions whatsoever, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint:**

16.    The FBI has a non-discretionary ministerial duty to complete the background check for plaintiff in a reasonably timely fashion.

**Answer:**    Deny, and further answer on information and belief that plaintiff's background check has been completed.

**Complaint:**

17.    In addition, the continuing failure of the defendants to adjudicate Plaintiffs application for citizenship violates the Administrative Procedures Act ("APA"), which requires federal agencies to conclude matters with reasonable promptness (It is the sense of Congress that the processing of an immigration benefit application should be completed not later that 180 days after the initial filing of the application . . .") 8 U.S.C. § 1571, see 5 U.S.C. § 555(b).  Under the APA, 5 U.S.C. § 706(1), this Court has the power to compel agency action unlawfully withheld or unreasonably delayed.

**Answer:**    Denied.  Plaintiff is not entitled to any relief under the APA, as no final agency decision has yet been rendered in this case, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint**

18.    Currently, the Chicago USCIS District Office is processing N-400 applications for received as recently as July 2007, almost more than a year after it received Plaintiff's application. Defendants have failed to properly adjudicate Plaintiff's application for citizenship in a timely manner.  It is imperative that Plaintiff's application be adjudicated as soon as possible, because the

delay by the DHS and FBI is unreasonable, and the Plaintiff is precluded from enjoying the rights and responsibilities of being a Citizen of the United States due to agency inaction.

**Answer:** Denied. This matter is not ripe for adjudication because the statutorily required interviews and security checks have not been completed, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint**:

19. Failure of the Defendants to act in the accordance with their duties under the law has caused a significant emotional and financial hardship to the Plaintiff. Plaintiff is married to a foreign born woman and has two minor children who are currently located in Yemen. The delay in processing Plaintiff's naturalization case results in the delay of his wife and children's eligibility for an immediate relative immigrant visa to join Plaintiff in the United States.

**Answer:** Denied. This matter is not ripe for adjudication because the statutorily required interviews and security checks have not been completed, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint**

20. Plaintiff has no other adequate remedy for the agency failure to complete and adjudicate the application for citizenship.

**Answer:** Denied. This matter is not ripe for adjudication because the statutorily required interviews and security checks have not been completed, and further answer on information and

belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.

**Complaint:**

21.  Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a Citizen of the United States.

**Answer:** Denied.  This matter is not ripe for adjudication because the statutorily required interviews and security checks have not been completed, and further answer on information and belief that plaintiff has failed to appear at a fingerprinting appointment, which is required in order to process an application for naturalization.  Further answering, defendants deny each and every allegation or prayer not specifically admitted in this Answer.

WHEREFORE, having fully answered plaintiff's complaint, defendants pray that same be dismissed with prejudice.

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> By: s/ Ernest Y. Ling
>     ERNEST Y. LING
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 353-5870
>     ernest.ling@usdoj.gov